ALEXANDER, J., dissenting.
 

 [¶ 64] I am pleased to join Justice Jabar's thoroughly researched and carefully written dissenting opinion. I write separately because in the extensive discussion of the law of preemption, we must not lose sight of the injured worker whom this opinion is really about.
 

 [¶ 65] Gaetan Bourgoin has endured chronic, disabling pain from a workplace injury he sustained three decades ago. The result of the Court's opinion today is to deprive Bourgoin of reimbursement for medication that has finally given him relief from his chronic pain, and to perhaps force him to return to the use of opioids and other drugs that failed to relieve his pain and may have placed Bourgoin's life at risk.
 

 [¶ 66] The essential elements of this appeal are that other states allow appropriate medical personnel to prescribe or certify marijuana to treat health conditions; these states allow employers and private insurers to reimburse for marijuana prescriptions or certificates; and the certificates and reimbursements are technically violations of federal law, but the federal government has not taken criminal or civil action to prevent these certifications or
 reimbursements or at least no such federal prosecution is indicated in the record.
 

 [¶ 67] Based on the status of the law in 2016, the Appellate Division approved the certificates and the reimbursements. The Court's opinion rejects the Appellate Division's findings and, based on its speculation that federal enforcement practice might change, the Court holds as a matter of law that the Appellate Division erred in approving the certificates and reimbursements for Mr. Bourgoin. Court's Opinion ¶¶ 26-30. In this, the Court is reaching too far, speculating about the future rather than looking at the present, as was properly addressed by the Appellate Division.
 

 [¶ 68] From that result, I respectfully dissent.